UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERALD P. REED, SR., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-2059 |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

This is a removal action wherein plaintiff seeks damages for injuries sustained in a fall on property owned by defendant Home Depot U.S.A., Inc. ("Home Depot"). Before the court is Home Depot's motion for summary judgment. Dkt. 25. After a review of the motion, the response, the exhibits, and the applicable law, the motion is DENIED.

**BACKGROUND**

Plaintiff alleges that, on May 28, 2008, he was injured while walking in a Home Depot parking lot when he stepped into a gap in a metal grate covering a drain. Dkt. 1-3 at 4.[1] The case was removed to this court on the basis of diversity of citizenship. Dkt. 1. Home Depot moves for summary judgment asserting that plaintiff cannot establish that Home Depot was, or should have been, aware of the danger posed by the gap in the grate. Dkt. 25. Plaintiff has responded. Dkt. 34.

**ANALYSIS**

A timely motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

---

[1] The date given in the original petition was May 28, 2009, but plaintiff has clarified that the accident occurred in May, 2008. Dkt. 29 at 2.

matter of law." FED. R. CIV. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). Upon a defendant's motion for summary judgment, the plaintiff "must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." FED. R. CIV. P. 56(e). Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to a summary judgment, and no defense to the motion is required. *Id.*

"For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quoting FED. R. CIV. P. 56(e)).

The parties agree that one element of plaintiff's premises liability claim is that Home Depot had either actual or constructive knowledge of the dangerous condition. Plaintiff has presented no evidence of actual knowledge, and Home Depot asserts that there is an absence of evidence of constructive knowledge. In *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002), the Texas Supreme Court noted that, while the proximity of employees to a dangerous condition is relevant to establishing constructive notice of a dangerous condition, the "rule requiring proof that a dangerous condition existed for some length of time before a premises owner may be charged with constructive notice is firmly rooted in our jurisprudence." Thus, absent any indication of how long the grate in this case was missing from the drain, plaintiff would not be able to establish constructive notice. *Id*. The *Wal-Mart* court explained that "with no evidence indicating how long the hazard was there, [proximity] merely indicates that it was *possible* for the premises owner to discover the condition, not that the premises owner reasonably *should* have discovered it." *Id*. Thus, it is plaintiff's burden to come forward in this case with some "temporal evidence" with respect to the missing grate.

Plaintiff responds to the motion by presenting pictures of the grate taken after plaintiff's fall, and testimony from a Home Depot manager concerning the location of the grate. More specifically, the photograph shows that the drain in question runs the breadth of a vehicle entrance to the Home Depot parting lot, and is immediately adjacent to a public sidewalk. Dkts. 34-1, 34-2. The grate is in an area were Home Depot delivery trucks pass almost daily delivering materials to the store. Dkt.34-7. The photographs show that the metal grate is in several sections, and that one of those sections is missing. Dkts. 34-1, 34-2. Plaintiff notes, however, that there is more than one gap between the grate sections. In fact, it appears that the grate sections that remain are not uniformly spaced, and the gaps between them are smaller than the sections of the grate themselves, supporting

an inference that the missing section was absent long enough that someone noticed its absence and positioned the remaining sections to compensate for the missing section. This is temporal evidence relevant to the inquiry of constructive notice.

Further, another photograph shows a substantial amount of trash had collected in the drain under what appears to be the largest of the gaps in the grate. Dkt. 34-1. Plaintiff asserts that the items of trash appear weathered, and are too large to have fit through had the missing portion of grate been in place. This is additional, relevant temporal evidence that, when taken together with the circumstantial evidence that the grate sections had been repositioned, is sufficient to permit a jury to conclude not only that it was *possible* for Home Depot to discover the condition, but also that Home Depot reasonably *should* have discovered it prior to plaintiff's fall. *Wal-Mart*, 81 S.W.3d at 815.

## CONCLUSION

After a review of Home Depot's motion for summary judgment (Dkt. 25), the response, the exhibits, and the applicable law, the motion is DENIED.

It is so ORDERED.

Signed at Houston, Texas on May 11, 2011.

_____
Gray H. Miller
United States District Judge